# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RBC BANK (USA), | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:09-CV-1711-RWS |
| INNOVATIVE CANDY | : |
| CONCEPTS, LLC, | : |
| Defendant. | : |

## **ORDER**

On February 24, 2010, Plaintiff filed a Request for Entry of Default [10], and on that same date, the Clerk entered a Default as to Defendant, Innovative Candy Concepts, LLC. On March 4, 2010, Defendant filed a Motion to Set Aside Default [11], and the case is presently before the Court for consideration of that Motion.

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one - but not elastic as to be devoid of substance." Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). "'[G]ood cause' is not susceptible

to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id. Courts have also "examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." Id.

The Court finds that good cause exists for setting aside the default. Defendant's failure to timely answer the Complaint was not willful. Defendant offers a meritorious defense and would suffer a significant financial loss if a default judgment were entered. Setting aside the Default is not unduly prejudicial to Plaintiff.

Therefore, Defendant's Motion to Set Aside Clerk's Default [11] is hereby **GRANTED**. The Answer and Counterclaim filed as exhibits to Defendant's Motion shall be deemed filed the date of entry of this Order. In its Response [12] to Defendant's Motion, Plaintiff requested that it be given thirty (30) days to respond to Defendant's Counterclaim in the event Defendant's Motion were granted. Plaintiff's Request is hereby **GRANTED**. Plaintiff shall

2

file its Response to Defendant's Counterclaim within thirty (30) days of the entry of this Order.

**SO ORDERED**, this  7th  day of April, 2010.

_____
**RICHARD W. STORY**
United States District Judge